UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Leo O'Brien Federal Building
11A Clinton Ave., Room 620
Albany, New York 12207
(518) 434-4553

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

In re:                                                    Case No. 25-10546-1-rel
                                                          Chapter 7
SANJAY OM TEWARI
                    Debtor.

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
PURSUANT TO 11 U.S.C. §§ 707(b)**

TO:   HON. ROBERT E. LITTLEFIELD JR.
      UNITED STATES BANKRUPTCY JUDGE

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through counsel, respectfully moves this Court for an order dismissing this chapter 7 case pursuant to 11 U.S.C. § 707(b)(1), (b)(2), and (b)(3). In support of this motion, the United States Trustee respectfully states and alleges as follows:

1.   Sanjay Om Tewari (the "Debtor") filed a *pro se* petition for relief under chapter 7 of the United States Bankruptcy Code on May 13, 2025.

2.   The Debtor's *Official Form 101 – Voluntary Petition for Individuals Filing Bankruptcy* ("Bankruptcy Schedules"), Doc. No. 1, pg. 7, indicate debts that are primarily consumer in nature.

3. The Debtor's *Official Form 122A-1 – Chapter 7 Statement of Your Current Monthly Income* ("Means Test"), Doc. No. 11, indicates monthly income of $20,258.00, which equates to an annual income of $243,096.00.

4. The Means Test claims a household size of 1. The median income for a household of 1 for means test purposes is $68,795. However, upon information and belief, it appears the Debtor may be entitled to include his three children for which he is paying child support in his household, resulting in a household size of 4 and a median of $134,443.00.

5. Based upon this information, the Debtor does not pass the 'means test', and there is a presumption of abuse pursuant to 11 U.S.C. § 707(b).

6. Consequently, the United States Trustee filed a statement of presumed abuse on June 26, 2025, pursuant to 11 U.S.C. § 704(b)(1)(A).

7. The first set meeting of creditors in this case was June 20, 2025, and therefore this motion is timely filed pursuant to 11 U.S.C. § 704(b)(2).

8. The Debtor's Bankruptcy Schedules indicate that he is a physician for Sanjay Om Tewari MD LLC and has been employed as such for 6 years. Tax returns provided to the United States Trustee indicate adjusted gross annual income of $300,297.00 for 2024, $272,365.00 for 2023, $294,933 for 2022, and $248,357.00.

9. The Debtor's Means Test was inaccurately completed and includes a deduction of $23,298.00 for alimony and maintenance obligations from monthly income on line 3. Line 3 is meant to indicate alimony and maintenance payments made TO the Debtor, not BY the Debtor to another party. The result of this error is that the Debtor claims currently monthly income on the Means Test of -$3,040 and annual income of -$36,480, which is not accurate.

10. Upon information and belief, it is the Debtor's intent to claim his alimony and maintenance obligations in the alleged amount of $23,298.00 as a "special circumstance" pursuant to 11 U.S.C. § 707(b)(2)(B)(i).

11. The Debtor previously filed a chapter 11 bankruptcy case in the Southern District of New York, case no. 22-10465, on April 15, 2022 ("Prior Case"). The Prior Case was dismissed on September 13, 2023, with a 180-day bar to refiling a bankruptcy case in any court.

12. The Debtor's Bankruptcy Schedules evidence four categories of debt. First, the Debtor alleges that he owes non-dischargeable obligations to the IRS totaling $136,090.81. Second, the Debtor alleges that he has domestic obligations to his former spouse totaling $2,048,221.34. Third, the Debtor alleges that he has unsecured obligations to two law firms totaling $185,781.65. Lastly, the Debtor alleges that he has unsecured obligations for personal loans from friends and family of $252,432.00.

13. Upon information and belief and based upon statements made by the Debtor to the United States Trustee, the Debtor is currently appealing the Judgment of Divorce which is the basis of his domestic obligations.

14. Counsel for the Debtor's formers spouse has informed the United States Trustee that while the Debtor has been paying the basic monthly child support obligation of $10,029.17 per month, he has not made a single payment towards the basic monthly spousal support, nor has he consistently paid his 83% share of the critical child support add-on expenses for his three children.

**Dismissal Pursuant to Section 707(b)(2) - Presumption of Abuse**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") requires individual debtors complete a "means test". The means test was intended by Congress

to impose a mechanical test for determining whether a particular case is abusive, and thereby "restrict judicial review" of an individual debtor's financial circumstances. *Littman*, 370 B.R. 820, 829; *see also In re Kogler*, 368 B.R. 785, 789 (Bankr. W.D. Wis. 2007)("the means test was specifically designed to remove judicial discretion from the abuse determination; it was created to provide a mechanical rule and precise set of calculations which, once performed, determine whether the presumption of abuse arises"); *In re Mundy*, 363 B.R. 407, 413 (Bankr. M.D. Pa. 2007)("[t]he means test under 707(b)(2) adopts a mechanical approach to identifying abuse"); *In re Randle*, 358 B.R. 360, 364 (Bankr. N.D. Ill. 2006)("Congress' intent to utilize a standardized or mechanical test and avoid reliance on individualized information as much as possible is demonstrated throughout § 707(b)(2)"), aff'd, 2007 WL 2668727 (N.D. Ill. 2007).

Pursuant to 11 U.S.C. §707(b)(2), once a presumption of abuse has been established the Debtor has the burden of rebutting this presumption by demonstrating special circumstances such as a "serious medical condition or a call or order to active duty in the Armed Forces." 11 U.S.C. §707(b)(2)(B)(I).

Here, the Debtor's attempt to use his domestic support obligations as a special circumstance is insufficient for two critical reasons. First, the Debtor has not actually been paying his full domestic support obligation. It is therefore bad faith to attempt to use a payment that he is not actually making to justify being permitted to proceed under chapter 7 when there is a presumption of abuse.

Second, the Debtor is appealing to the Judgement of Divorce and therefore, if he is successful, these obligations may cease to exist. It is therefore premature to seek relief under chapter 7 by using his contingent domestic support obligations to avoid the income limits imposed by the means test. If the domestic support obligation becomes final and at that time he is

actually paying them, then he could seek bankruptcy relief and attempt to use these obligations as a special circumstance.

Accordingly, the Debtor does not have sufficient special circumstances to overcome the presumption of abuse in this case, and his case should be dismissed pursuant to § 707(b)(1)(2).

### **Dismissal Pursuant to Section 707(b)(3) - Totality of the Circumstances**

Section 707(b)(3) provides an alternative method for examining whether a debtor's bankruptcy filing is abusive. Sections 707(b)(1) and (3) permit the Court to dismiss a case if it is abusive based upon the "totality of the circumstances." BAPCPA replaced the requirement of "substantial abuse" with mere "abuse" for dismissal under §707(b). Pre-BAPCPA, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. Likewise, post-BAPCPA courts have found abuse when a debtor has the ability to repay a significant portion of his or her unsecured debt.

The overwhelming majority of the Debtor's obligations, consisting of tax debt to the IRS and court ordered domestic support obligations, are non-dischargeable or will otherwise not be relieved by this chapter 7 bankruptcy. His other obligations, consisting of attorney fees and loans from friends and family, are obligations which the Debtor will easily be able to repay should he be successful in his appeal of the Judgement of Divorce. This is evidenced by the Debtor's stable employment as a physician earning an annual income of approximately $300,000.00.

Given the ongoing appeal of the Judgement of Divorce, it is premature to determine if the Debtor will be able to repay all or a substantial portion of his general unsecured debt. It is also important to consider that an overwhelming majority of his debt will not be impacted by this bankruptcy when considering the totality of the circumstances. Therefore, the Debtor's case should also be dismissed pursuant to § 707(b)(3).

5

## Conclusion

For the foregoing reasons, the Debtor's case is abusive and should be dismissed pursuant to §§ 707(b)(1), (2), and/or (3).

WHEREFORE, the United States Trustee respectfully requests the entry of an Order dismissing the above-captioned chapter 7 case pursuant to 11 U.S.C. §§ 707(b)(1), (2), and (3), and for such other relief as is proper.

Dated: July 22, 2025
Albany, New York

    Respectfully submitted,
    WILLIAM K. HARRINGTON
    UNITED STATES TRSUTEE, REGION 2

    */s/ Harrison E. Strauss*
    Harrison E. Strauss - Trial Attorney
    OFFICE OF UNITED STATES TRUSTEE
    Leo O'Brien Federal Building
    11A Clinton Ave., Room 620
    Albany, New York 12207
    NDNY Bar Roll No. 705825
    (518) 434-4553
    Harrison.Strauss@usdoj.gov